961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack RABIN, M.D., Plaintiff-Appellant,
v.
Marjorie B. SCHNIEROW, Defendant-Appellee.
 No. 90-56251.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1992.
Decided April 27, 1992.
 
 Before CANBY, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Jack Rabin, M.D. ("Dr. Rabin") brought this diversity action against Marjorie B. Schnierow ("Ms. Schnierow"), alleging defamation and related claims based on a letter she sent to Dr. Rabin, a hospital, the Department of Consumer Affairs for the State of California, and the Los Angeles County Medical Association. At the close of Dr. Rabin's evidence, the district court dismissed Dr. Rabin's claims pursuant to Fed.R.Civ.P. 41(b). We affirm.
 
 DISCUSSION
 
 3
 I. WAS THE OCTOBER 29 LETTER PRIVILEGED?
 
 
 4
 Dr. Rabin's main challenge on appeal is that Ms. Schnierow is not entitled to the qualified privilege provided by Cal.Civ.Code § 43.8 ("s 43.8"). That section provides protection from monetary liability to any person who is sued because of a communication if that communication: (1) is made to a hospital, professional society, licensing board, etc.; (2) "is intended to aid in the evaluation of the qualifications, fitness, character or insurability of a practitioner of the healing arts"; and (3) "does not represent as true any matter not reasonably believed to be true." Dr. Rabin acknowledges that the first requirement was met, but argues that Ms. Schnierow did not meet either of the latter two requirements for protection under § 43.8.
 
 A. Standard of Review
 
 5
 Dr. Rabin suggests that all the issues involved in this case are questions of law, which are reviewed de novo. Ms. Schnierow, in contrast, argues that, first, the district court's ruling in her favor necessarily implies a finding that she had met the statutory requirements for qualified immunity, and second, such implicit findings are subject to clearly erroneous review. Factual findings made by a trial court in granting a Rule 41(b) dismissal are reviewed under a "clearly erroneous" standard. Johnson v. United States Postal Service, 756 F.2d 1461, 1464 (9th Cir.1985).
 
 
 6
 Ms. Schnierow's first argument arises because the district court made only the most conclusory oral findings of fact. See Fed.R.Civ.P. 41(b) ("If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)."). At the close of Dr. Rabin's evidence, the judge simply ruled orally that Ms. Schnierow's letter was not defamatory and that, even if it was defamatory, it was privileged under § 43.8. The district court later signed an order, containing no findings of fact, which stated that "the Court finds that Plaintiff, Jack Rabin, M.D. has adduced insufficient evidence to support his claims for defamation and intentional infliction of emotional distress and that the October 29, 1988 letter contained no false or unprivileged statements of fact." To the extent that the court found that the letter was privileged, it necessarily concluded that Ms. Schnierow intended to aid in the evaluation of Dr. Rabin and did not represent as true anything that she did not reasonably believe to be true. Thus, the district court's ruling necessarily implies that Ms. Schnierow met the statutory requirements under § 43.8 (or, failing that, simply told the truth). See United States v. Harper, 928 F.2d 894, 897 (9th Cir.1991) (reviewing implicit findings for clear error).
 
 
 7
 We review the implicit findings that Ms. Schnierow intended to aid in the evaluation of Dr. Rabin and that she did not represent as true any matter not reasonably believed to be true for clear error. As we stated in United States v. McConney, 728 F.2d 1195, 1203 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984), we review for clear error "those mixed questions [of law and fact] in which the applicable legal standard provides for a strictly factual test, such as state of mind, and the application of law to fact, consequently, involves an 'essentially factual' inquiry." (citing Pullman-Standard v. Swint, 456 U.S. 273, 288 (1982). The question of Ms. Schnierow's intent is such a factual inquiry. Similarly, the question of whether she represented as true any matter not reasonably believed to be true requires an examination of her representations and her basis for making them, and thus is an essentially factual inquiry. See Pullman-Standard, 456 U.S. at 289-90 (existence of discriminatory intent under § 703(h) of Title VII is question of fact).
 
 
 8
 B. Did the District Court Err in its Implicit Finding that Ms. Schnierow Intended to Aid in the Evaluation of Dr. Rabin?
 
 
 9
 The district court did not clearly err in implicitly finding that Ms. Schnierow intended to aid in the evaluation of the qualifications, fitness, character, or insurability of Dr. Rabin. Though Ms. Schnierow's letter appears to have been motivated, at least in part, by anger and frustration, her testimony could reasonably be interpreted as revealing an intention for the letter to aid the hospital, department of consumer affairs, and medical association in evaluating Dr. Rabin.
 
 
 10
 C. Did the District Court Err in its Implicit Finding that Ms. Schnierow Did Not Represent as True Any Matter Not Reasonably Believed To Be True?
 
 
 11
 The district court also did not clearly err in implicitly finding that Ms. Schnierow did not represent as true any matter not reasonably believed to be true. She testified that the statements in her letter were based, in part, on conversations with her father, her brother, and two members of the staff at the Berkshire Convalescent Hospital. She also testified that, at the time she wrote the letter, she believed that Dr. Rabin had falsely claimed to be Mr. Burns's physician of record, that Dr. Rabin had deceived Mr. Burns by telling him that he was going home, and that the whole situation had caused potential harm to Mr. Burns. It was not clearly erroneous for the district court to conclude, on the basis of this testimony, that Ms. Schnierow reasonably believed the truth of her allegations.[1]
 
 
 12
 II. DID THE DISTRICT COURT DEMONSTRATE BIAS SUFFICIENT TO REQUIRE A REVERSAL?
 
 
 13
 Dr. Rabin argues that the district court demonstrated judicial bias by stating, immediately after ruling in favor of Ms. Schnierow, that this was a "family dispute" that "shouldn't be brought before a judge," and that, instead, the parties should "go see a priest, a minister, or a rabbi and ... sit down together and work it out." We conclude that, despite this comment, the record does not indicate "an attitude or state of mind that belies [sic] an aversion or hostility of a kind or degree that a fair-minded person could not entirely set aside when judging certain persons or causes." United States v. Conforte, 624 F.2d 869, 881 (9th Cir.), cert. denied, 449 U.S. 1012 (1980).
 
 CONCLUSION
 
 14
 For the reasons outlined above, we affirm the ruling of the district court.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Dr. Rabin also argues that the district court erred in ruling that the October 29 letter was not defamatory. Because we conclude that the district court did not err in concluding that the letter was privileged under § 43.8, we do not reach this issue